UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES N. PRODY, | Civil No. 10-4968 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT** |
| CITY OF ANOKA, | |
| Defendant. | |

Richard A. Williams, Jr., **R.A. WILLIAMS LAW FIRM, P.A.**, 2400 West County Road D, Suite 110, St. Paul, MN 55112, for plaintiff.

Jana M. O'Leary Sullivan, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for defendant.

James N. Prody brings age discrimination claims against the City of Anoka ("the City") under the Age Discrimination in Employment Act ("ADEA") and the Minnesota Human Rights Act ("MHRA"). The City claims it terminated Prody's employment for a legitimate nondiscriminatory reason and moves for summary judgment. The Court will grant summary judgment for the City because Prody failed to put forward any theory of why the City's stated reasons for terminating his employment were pretextual.

**BACKGROUND**

**I.  PRODY'S EMPLOYMENT AND TERMINATION**

Prody worked for the City from March 23, 1980 until October 16, 2009. (Compl. ¶¶ 8-9, Dec. 23, 2010, Docket No. 1.) Prody worked as a Custodian until 1993, at which time he became the Building Service Maintenance Technician. (Aff. Of Jana O'Leary Sullivan, Ex. 1 at 16-18, Feb. 1, 2012, Docket No. 16.) He was a member of the

Minnesota Teamsters Public and Law Enforcement Employees Union ("the Union") throughout his City employment. (*Id.*, Ex. 1 at 18.)

On October 16, 2009, City employees informed Prody that his position was "being eliminated"[1] due to a reorganization of the Public Services Department where he worked. (*Id.*, Ex. 1 at 22-23, Ex. 12.) Prody admits that City employees did not make discriminatory statements to him at this or any other time. When Prody departed, the City assigned his duties to several individuals. (*Id.*, Ex. 2 at 40-41, Ex. 3 at 43-44.) Prody's former supervisor assumed the majority of Prody's work, and some of Prody's former duties were performed less often or eliminated altogether. (*Id.*, Ex. 3 at 24, 42, 44, Ex. 4 at 24.)

---

[1] When the City eliminates a position, it terminates the affected employee. Therefore, the parties agree that Prody could not have availed himself of a seniority provision in the Union collective bargaining agreement, which stated, "An employee on **layoff** [rather than a termination] shall have the opportunity to return to work within two years of the time of his/her layoff before any new employee is hired." (*See* Sullivan Aff., Ex. 16 at 10.) The fact that Prody could not have returned to work within two years does not appear relevant, however, because Prody has presented no evidence to show that he was qualified for a position that was available within two years of his termination.

On April 20, 2012, Prody informed the Court that the City posted a new Building Maintenance Service Technician position on or about March 26, 2012. (Aff. of James N. Prody ¶ 4, April 20, 2012, Docket No. 24.) The title of this position is the same as that of Prody's former City position. (*Id.*) Furthermore, the qualifications and duties of the new position are similar to Prody's former position. (*See id.*, Ex. 1; Sullivan Aff., Ex. 7.) Prody seems to argue that this newly-posted position indicates that the City discriminated against him, but he does not explain the basis for his argument. The City claims that it posted the position because it recently terminated Prody's former supervisor, who had assumed much of Prody's work when Prody departed. (Aff. of Deborah Erar ¶¶ 2-5, Apr. 23, 2012, Docket No. 25.)

The Court finds that the newly-posted position is not relevant to these proceedings because (1) the City terminated Prody and he is thus not eligible for automatic rehire, (2) even if the City had not terminated Prody, the city posted the new position more than two years after it eliminated Prody's position, again rendering him ineligible for automatic rehire, and (3) as explained below, Prody offers no evidence of pretext.

Prody's position was not the only one eliminated between September and October 2009. (Aff. of Tim Cruikshank ¶¶ 17-18, Feb. 1, 2012, Docket No. 15.) In that same period, the City also eliminated a park supervisor position, a mechanic position, and a half-time public works administrative position. (*Id.*; Sullivan Aff., Ex. 3 at 56-59.)[2] One of these three employees was twenty-nine years old. (Sullivan Aff., Ex. 23.) The City eliminated the twenty-nine year old's position because the terms of the Union collective bargaining agreement required the position of the least senior employee in his classification to be eliminated first. (*Id.*, Ex. 3 at 57.) The other two employees were in their fifties and not members of the Union; the City claims to have eliminated their positions because they were no longer needed. (*See* Cruikshank Aff. ¶¶ 16-18.)

The City claims it eliminated all of these positions as part of a larger municipal reorganization. The need for this reorganization began in 2007 and stemmed from budget constraints caused by the State of Minnesota's cuts to local government aid. (*Id.* ¶¶ 7-8.) The City's reorganization involved consolidating various government divisions, relocating City offices, eliminating several positions, cross-training remaining employees, and hiring independent contractors. (*Id.* ¶¶ 9-12.) The reorganization saved the City over $343,000. (*Id.* ¶ 18.) Prody, in contrast, claims that the City terminated his employment because of his age.

---

[2] The City claims that, over a period of seven years prior to 2012, it took employment actions that "affected" twenty-seven positions, including eleven lay-offs, switching several full-time positions to part-time status, and not filling vacancies, as part of its broader organization. (Cruikshank Aff. ¶ 8.)

## II. DISCOVERY

Prody argues that the City is not entitled to summary judgment because it failed to produce required discovery. In Prody's requests for production directed to the City, Prody requested all documents or other physical things that referred to or reflected the number of Anoka employees over the age of forty who worked for the City between 2004 and 2009. (Aff. of Richard Williams, Ex. C at 4, Sept. 20, 2011, Docket No. 19.) The City formally responded that it had compiled lists of 2004-2009 full- and part-time employees and their ages, but that the City would not release the data until the parties obtained a protective order. (*Id.*, Ex. D at 5-6, Oct. 21, 2011.) The parties obtained a protective order on October 26, 2011. (Protective Order, Oct. 26, 2011, Docket No. 12.) The next day, Richard Williams, Prody's attorney, and Jana O'Leary Sullivan, Anoka's attorney, engaged in the following exchange during a deposition:

> Sullivan: Just for the record, I'll note we were trying to figure out dates of birth [of Anoka employees] and see if we had any information now the protective order was signed last night, and I think we have some ages based on years.
>
> Williams: And can we have an agreement that when we get those dates, we can get the birth dates of all the people we're dealing with?
>
> Sullivan: Yes.
>
> Williams: Okay. That's all I need.
>
> Sullivan: Yes. The – if plaintiff's counsel will send me a list of employees that they want a birth date for?
>
> Williams: I will do that.
>
> Sullivan: And then I will follow through on that.

- 4 -

(Sullivan Aff., Ex. 5 at 16-18.)  It appears that Sullivan did not respond to the outstanding request for production, nor did Williams file a motion to compel the City to produce the list or follow up with Sullivan regarding the information he wanted.

However, in support of its summary judgment motion, the City entered into the record a list of the names and ages of all of the City's one hundred sixty-five full- and part-time employees for year 2009.  The exhibit also contains birth dates of the four employees who were terminated, laid off, or reduced to half-time status around the same time as Prody, described above.  (*Id.*, Ex. 23.)  Prody argues that the City improperly used this exhibit to support its case while failing to earlier produce similar information requested in discovery.

## ANALYSIS

**I.   STANDARD OF REVIEW**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party demonstrates that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     *McDONNELL DOUGLAS* FRAMEWORK[3]

The ADEA makes it unlawful for an employer to discriminate against any individual based on age, 29 U.S.C. § 623(a)(1), and prohibits discrimination against individuals who are at least forty years old, *id.* § 631(a).  To establish an ADEA claim, a plaintiff "must show that [his] employer intentionally discriminated against [him]." *Ziegler v. Beverly Enters.-Minn., Inc.*, 133 F.3d 671, 675 (8th Cir. 1998).  The plaintiff must establish that age was the "but-for" cause of the adverse employment action.  *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009).

Because Prody has not identified any direct evidence of age discrimination,[4] he must prove his ADEA claims under the three-step burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).  There must be a genuine issue of material fact at each step of the *McDonnell Douglas* analysis to defeat a defendant's motion for summary judgment.  *Riley v. Lance, Inc.*, 518 F.3d 996, 1000 (8th Cir. 2008).

Under the *McDonnell Douglas* framework, an individual alleging age discrimination must first raise a prima facie case of discrimination.  *Id.*  A prima facie case of age discrimination must demonstrate (1) that the plaintiff was over forty years old, (2) that he was qualified for his job, (3) that he suffered an adverse employment action, and (4) some evidence that the employer's decision to terminate his employment

---

[3] The Court evaluates claims under the ADEA and the MHRA under the same burden-shifting framework.  *See Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1338-39 (8th Cir. 1996).

[4] When Prody was asked if those who terminated his employment said "anything about your age or ma[de] any comments that the reason for this was because of or related to your age[,]" Prody responded "No."  (Sullivan Aff., Ex. 1 at 25.)

was based on age. *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 637 (8th Cir. 2011). This fourth element may be established "by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or 'circumstantial' evidence (such as comments and practices that suggest a preference for younger employees.)" *Id*. (internal quotation marks and citation omitted).

If a plaintiff raises a prima facie case, the burden shifts to the employer to produce evidence of a legitimate, non-discriminatory reason for the termination. *Riley*, 518 F.3d at 1000. An employer need not prove a nondiscriminatory justification by a preponderance of the evidence. *Floyd v. State of Mo. Dep't of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir. 1999). Instead, the employer need only offer a "facially nondiscriminatory explanation, regardless of its persuasiveness" for the presumption in plaintiff's favor to disappear and the burden to shift back to the plaintiff. *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 150 (8th Cir. 1997).

If the employer comes forth with a legitimate, non-discriminatory reason for an employment decision, the plaintiff must show by a preponderance of the evidence that the employer's reasons for termination were a pretext for intentional discrimination. *Riley*, 518 F.3d at 1000. At the pretext stage of the *McDonnell Douglas* analysis, "the factual inquiry proceeds to a new level of specificity," *Rahlf*, 642 F.3d at 638, and a plaintiff must demonstrate "that the circumstances permit a reasonable inference of discriminatory animus[,]" *Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 643 (8th Cir. 2008) (internal quotation marks omitted). The Court must therefore determine if Prody has raised a genuine issue of material fact at each step of the *McDonnell Douglas* analysis

sufficient to defeat the City's motion for summary judgment. *See Riley*, 518 F.3d at 1000.

### III. *MCDONNELL DOUGLAS* ANALYSIS

#### A. Prima Facie Case

The Court must first consider if Prody has raised a prima facie case of discrimination. The first three prongs of Prody's prima facie case are undisputed: Prody was over forty years old, qualified for his job, and suffered an adverse employment action. The only disputed element is whether Prody has produced some evidence that the City's decision to terminate his employment was based on age.

As support for his prima facie case, Prody points to the fact that three of four individuals whose positions the City eliminated in September or October of 2009 were over forty years old. Additionally, Prody claims that the City was required to eliminate the position of the sole younger employee because of a collective bargaining agreement, suggesting that the City may have eliminated the position of older employees each time it had the discretion to do so. Proof that an employer ended the employment of the oldest individuals in a particular classification of jobs, while not determinative of age discrimination, can be sufficient to make a prima facie case. *Rahlf*, 642 F.3d at 638. Because Prody alleges a pattern of discrimination, the Court will assume without deciding that Prody raised a prima facie case of age discrimination.

#### B. Legitimate, Nondiscriminatory Reason

The Court must next determine whether the City has raised a legitimate, nondiscriminatory reason for its employment decision. The City claims to have

terminated Prody's position after going through an extensive years-long cost-cutting process in which it eliminated numerous positions and combined and relocated several departments. For example, Greg Lee, director of the City's now-combined public works and parks departments, testified that he and others worked to combine departments and cut positions beginning in 2008, (Sullivan Aff., Ex. 2 at 10-28), and Mark Anderson, the City's Superintendent of Public Services, testified that he worked with Department superintendents to find more efficient ways to run the City (*id.*, Ex. 3 at 9-18). Creating efficiency and making processes less labor intensive can be a legitimate, nondiscriminatory justification for terminating employment. *Rahlf*, 642 F.3d at 638. Accordingly, the City raised a legitimate, nondiscriminatory reason for terminating Prody's position.

### C. Pretext

Finally, because the City has produced evidence of a legitimate, non-discriminatory reason for the termination, the Court must determine whether Prody sufficiently alleges that the City's articulated reasons for his termination were pretextual. As described above, a plaintiff must allege evidence sufficient to demonstrate, by a preponderance of the evidence, that the employer's reasons for termination were a pretext for discrimination. *Riley*, 518 F.3d at 1000. To raise a question of material fact regarding pretext, a plaintiff may show (1) that the employer's explanation is "unworthy of credence because it has no basis in fact," or (2) that "a prohibited reason more likely motivated the employer." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011) (internal quotation marks and alterations omitted).

The Court finds that Prody fails to raise a question of material fact regarding pretext because he offers no theory or evidence to support his pretext claim. First, Prody neither explains why the elimination of his position was unwarranted nor argues that other positions should have been eliminated instead. In fact, giving credence to the City's explanation for his termination, Prody admitted that he did not think the City reorganized in an effort to eliminate his employment. (Sullivan Aff., Ex. 1 at 53-54.) Second, Prody offers no evidence that a prohibited reason motivated the City. The only evidence to which Prody points in support of his discrimination claim is the fact that the City terminated the employment of at least three workers over the age of forty. Yet Prody also indicates that he does not wish to make a statistical argument as the basis of his discrimination claim. It is unclear what evidence Prody believes supports his claim of pretext, and the Court finds none.[5] Because Prody does not present any evidence to support a finding of pretext, Prody fails to raise a question of material fact regarding the third prong of the *McDonnell Douglas* test. The Court will thus grant summary judgment in favor of the City.[6]

---

[5] The Eighth Circuit case Prody cites in support of his pretext argument, *Patchell v. Red Apple Enters., Ltd.*, 921 F.2d 157, 158 (8th Cir. 1990), is not on point. *Patchell* involved a sixty-two year old waitress who prevailed in an age discrimination jury trial against her former employer. In *Patchell*, the plaintiff presented evidence of "derogatory remarks made by management about older [employees]," of confrontations between the plaintiff and new management, and of other dismissals of older employees. *Id.* Prody presented no such evidence here.

[6] Prody also raised a retaliation claim, claiming it was retaliatory that the City did not hire him for a sewer/water position in 2010. The application for this position stated, "All applicants MUST complete a City of Anoka application form in its entirety AND a supplemental application form to be considered for employment." (Sullivan Aff., Ex. 17.) The City claims that, because Prody did not comply with these instructions, the City rejected his application. Prody appears to have abandoned this retaliation claim because he did not respond to the City's

(Footnote continued on next page.)

## IV.  DISCOVERY

Finally, the Court must decide whether the City's failure to respond to Prody's discovery request for all documents or other physical things that reflected the number of City employees over the age of forty who worked for the City between 2004 and 2009 precludes summary judgment.  Prody claims that the City's failure to produce the employee list described above precludes the City from meeting its summary judgment burden because the document might show that the City terminated a disproportionate number of older employees.

The Court does not abuse its discretion in granting summary judgment, even when discovery is not complete, when a party claiming inadequate discovery responses did not previously file a Federal Rule of Civil Procedure 56(f) motion to delay ruling on the motions for summary judgment, a Rule 36(a) motion asking that the district court determine the sufficiency of the other party's responses, or a Rule 37(a) motion to compel disclosures.  *Nolan v. Thompson*, 521 F.3d 983, 987 (8th Cir. 2008).  Prody did not file any of these motions; in fact, his attorney told the City that he would send it a more precise list of the information he desired, but failed to do so.  Accordingly, the Court will decline to delay a grant of summary judgment to allow further discovery.[7]

---

(Footnote continued.)

explanation for this employment decision.  Because the City's explanation is undisputed and finds support in the record, Prody's retaliation claim fails.

[7] Furthermore, the Court would likely not have postponed a summary judgment ruling even had Prody filed one of the previously-listed motions.  To justify a continuance, a plaintiff must identify specific facts that further discovery might uncover and explain why those facts show pretext on the part of the employer.  *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568

(Footnote continued on next page.)

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: June 27, 2012             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                          United States District Judge

---

(Footnote continued.)

(8th Cir. 2012). Prody failed to explain how the employee list might demonstrate pretext, which is particularly significant because Prody does not seek to make a statistical argument. Accordingly, a delay in summary judgment for production of the employee list is not warranted.